# IN THE UNITED STATES DISTRICT COURT FOR
# THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

JAY FOLSE,

           Plaintiff,

v.                                                  CIVIL ACTION NO.  3:22-cv-00415

CITY OF HUNTINGTON,
a municipal corporation, *et al.*

           Defendants.

## MEMORANDUM OPINION AND ORDER

This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, under 28 U.S.C. § 636(b)(1)(B) to submit to this Court proposed findings of fact and recommendations. In her Proposed Findings and Recommendations ("PF&R"), the Magistrate Judge recommends this Court grant in part and deny in part Defendants' Motion to Dismiss ("Defs. Mot."), ECF No. 8; dismiss Counts III and IV of Plaintiff's complaint; and permit the parties to conduct discovery on Counts I and II. Both parties filed objections. *See* Defendants City of Huntington, Scott Damron, and Stephen T. Williams' Objection to Proposed Findings & Recommendations ("Defs. Obj."), ECF No. 15; Plaintiff's Objections to Proposed Findings & Recommendation ("Pl.'s Objs."), ECF No. 18.[1]

The Court **ADOPTS** the Magistrates Judge's findings and recommendations. Accordingly, the Court **DENIES IN PART, GRANTS IN PART** Defendants' Motion to Dismiss and **DISMISSES** Counts III and IV of Plaintiff's complaint.

---

[1] The Court also considered Defendants City of Huntington, Scott Damron, and Stephen T. Williams' Responses to Plaintiff's Objections to Proposed Findings & Recommendations, ECF No. 19.

**BACKGROUND**

In August 2014, the City of Huntington Unsafe Buildings Commission (the "Commission") ordered 2119 Eleventh Avenue be demolished. *See* Defs. Mot., Ex. D ¶ 6. In July 2018, the Commission ordered 934 27th Street be demolished. *See id.* ¶ 4. In August 2019, the Commission ordered 610 Fifth Avenue be demolished. *See id.* ¶ 5.

In September 2019, Plaintiff purchased these properties at a tax sale. *See* Complaint ("Compl.") ¶¶ 10, 12, ECF No. 1. A few months later, the City of Huntington (the "City") demolished the properties. *See* Defs. Mot., Ex. D ¶¶ 4–6. Plaintiff never received notice of these demolitions. *See* Compl. ¶ 11, 14.

In July 2021, Plaintiff received tax deeds for the properties. *See id.* ¶ 14. He then visited the properties and discovered they were demolished. *See id.* Shocked, Plaintiff e-mailed Mayor Stephen Williams and City Attorney Scott Damron asking why the City failed to provide him notice of the demolitions. *See id.* ¶ 15. Mr. Damron replied stating lienholders and tax sale certificate purchasers are not entitled to notice. *See id.* ¶¶ 15–16.

On September 16, 2022, the City filed a lien against the 2119 Eleventh Avenue property for the cost of demolishing the home. *See id.* ¶ 26.

Plaintiff filed suit. In his complaint, Plaintiff asserts four counts. In Count I, Plaintiff alleges Defendants violated the Due Process Clause of the Fourteenth Amendment by failing to provide him notice of the demolitions. *See id.* ¶¶ 30–40. In Count II, Plaintiff alleges Defendants violated the Takings Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment by maintaining a policy of providing notice to only property owners. *See id.* ¶¶ 41–47. In Count III, Plaintiff alleges Defendants negligently caused him to suffer economic damages. *See id.* ¶¶ 48–53. In Count IV, Plaintiff alleges Defendants violated W. Va. Code § 38-16-501 by

filing a fraudulent lien against him. *See id.* ¶¶54–61. Plaintiff seeks monetary damages, declaratory relief, and injunctive relief. *See id.* at 10.

## STANDARD OF REVIEW

When a party proceeds *pro se*, the Court liberally construes his pleadings and objections. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). As to the PF&R, the Court reviews *de novo* portions of the Magistrate Judge's findings "to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

A motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *See Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a motion to dismiss, a complaint must contain a "short and plain statement of the claim showing [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). While the facts alleged in the complaint need not be probable, the statement must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the Court accepts factual allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted).

## ANALYSIS

### I. Defendants' Objection

Defendants present one objection. They argue the Magistrate Judge should have considered the Orders of Demolition ("Orders") attached as exhibits to their Motion to Dismiss. *See* Defs.

Obj. at 3. They argue these Orders "contain facts sufficient to dispose of this matter on statute of limitations grounds." *Id.* The Court disagrees.

Generally, in deciding a motion to dismiss under Rule 12(b)(6), the Court limits its inquiry to facts stated in the complaint and documents attached or incorporated into the complaint. *See Megaro v. McCollum*, 66 F.4th 151, 15 (4th Cir. 2023). If matters "outside the pleadings are presented to and not excluded by the court," the motion "must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Despite its rigidity, there are "narrow" exceptions to this rule. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015). One exception permits the Court to take judicial notice of "matters of public record," *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), so long as the records are "authentic" and "integral" to the plaintiff's complaint, *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015). If considered, the public record must be "construed in the light most favorable to the plaintiff." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013).

With these principles in mind, the Court rejects Defendants' objection for two reasons. *First*, the Court's authority to review extrinsic evidence on a motion to dismiss is discretionary—not mandatory. *See, e.g.*, *Nat'l Ass'n of Deaf v. Florida*, 980 F.3d 763, 775 (11th Cir. 2020) ("The Court is not obligated to consider extrinsic facts" especially when the evidence is "self-serving.") (quotation omitted); *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 559 (3d Cir. 2002) ("Generally speaking, a trial court has discretion to address evidence outside the complaint when ruling on a motion to dismiss.") (citation omitted).

*Second*, Defendants urge the Court to use the Orders to contradict the complaint. Defendants argue the Orders gave Plaintiff notice of the demolitions prior to July 2021 because the Orders were issued more than three years before Plaintiff filed suit. *See* Defs. Obj. at 4. These

facts contradict Plaintiff's allegation he "became aware that the houses were demolished on or about July 21, 2021 after personally visiting the properties once he had received the tax deeds." Compl. ¶ 14. A court cannot use public records to contradict a complaint at the motion to dismiss stage. *See Clatterbuck*, 708 F.3d at 558 (holding district court improperly considered contents of public record as an established fact and as evidence contradicting the complaint). At this stage, a Court's task is to test the "legal feasibility" of a complaint—not weigh evidence "to support or contradict it." *Id.* The Magistrate Judge, therefore, did not err in refusing to consider the Orders.

## II.     Plaintiff's Objections

Plaintiff presents three objections. *First*, Plaintiff argues state statutory immunities do not apply in federal courts. *See* Pl.'s Objs. at 2–5. The Court disagrees. The West Virginia Tort Claims & Insurance Reform Act (the "Act") limits the "liability of political subdivisions." W. Va. Code § 29-12A-1. When a party asserts immunity under the Act, federal courts "look to substantive state law," *Gray-Hopkins v. Prince George's Cnty., Md.*, 309 F.3d 224, 232 (4th Cir. 2002), to determine the "nature and scope" of the state-law immunity, *McCoy v. Ferguson*, 2019 WL 3806008, at *4 (S.D. W. Va. Aug. 13, 2019). Substantive state law includes statutes like the Act.

Recognizing this rule, the Court repeatedly interprets state statutory law to determine whether a public entity is entitled to state law immunity for state claims. In *Dial v. Higginbotham*, the Court dismissed state law claims based on intentional conduct by looking to state statutory law. *See* 2023 WL 2434293, at *4–*5 (S.D. W. Va. Mar. 9, 2023). In *Davis v. Milton Police Dep't*, the Court applied West Virginia's "statutory immunity framework" to dismiss state constitutional claims. *See* 2020 WL 2341238, at *5 (S.D. W. Va. May 11, 2020). The Court did the same in *Brown v. Mason Cnty. Comm'n*. *See* 2019 WL 6654124, at *5–*6 (S.D. W. Va. Dec. 5, 2019). In short, the Magistrate Judge's decision to look to substantive state law to determine "the nature and

scope" of a state law immunity follows precedent. *Nero v. Mosby*, 890 F.3d 106, 121 (4th Cir. 2018). *See also Davis v. City of Greensboro, N.C.*, 770 F.3d 278, 281 (4th Cir. 2014).

Plaintiff rebuts. He argues West Virginia Code § 29-12A-4 expressly limits the application of state statutory immunity to state courts because the statute only grants "circuit courts" jurisdiction to hear claims under the Act. *See* Defs. Obj. at 3. By litigating in federal court, Defendants forfeited their right to claim state statutory immunity. *See id.*

Plaintiff misreads the statute. Section 29-12A-4 provides: "Subject to statutory limitations upon their venue and jurisdiction, the circuit courts have jurisdiction to hear and determine civil actions governed by or brought pursuant to this article." The statute clarifies state courts have jurisdiction to hear claims under the Act. It does not speak to—let alone strip—federal courts of jurisdiction. And for good reason. A state may not limit the jurisdiction of the federal courts. *See Markham v. City of Newport News*, 292 F.2d 711, 717–18 (4th Cir. 1961) (rejecting interpretation of Virginia statute that would limit tort actions against a political subdivision to state courts only); *Scott v. Sch. Dist. No. 6*, 815 F. Supp. 424, 427–28 (D. Wyo. 1993) (rejecting similar interpretation of Wyoming statute). *See also* 17A Wright & Miller, *Federal Practice & Procedure* § 4211 (3d ed. 2012) (discussing evolution of this rule). The Court, therefore, denies Plaintiff's first objection.

*Next*, Plaintiff argues the Magistrate Judge erred in dismissing Count III as to the individual defendants. *See* Pl.'s Obj. at 7. He argues he "properly alleged that the individual defendants acted in a reckless manner" so that they are not entitled to statutory immunity. *Id.*

The Court disagrees. In the context of § 29-12A-5(b), the Supreme Court of Appeals of West Virginia defines "reckless" to mean "the actor has *intentionally* done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow." *Holsten*

*v. Massey*, 490 S.E.2d 864, 877 (W. Va. 1997) (quotation omitted). Here, Plaintiff alleges Defendants knew Plaintiff purchased the three properties because a city representative at the tax sale "wrote down" each property Plaintiff purchased and because Plaintiff filed tax sale certificates for the properties in the County Clerk's office. Compl. ¶¶ 20–21. This evidence suggests Defendants knew he had some type of interest in the properties. It does not suggest Defendants knew they needed to warn Plaintiff, did not warn Plaintiff, and knew Plaintiff would be harmed because of their silence. *See Holsten*, 490 S.E.2d at 877 (looking for "conscious indifference" of a duty). At most, Plaintiff's evidence suggests ordinary negligence—not recklessness. *Compare Smith v. Clark*, 2023 WL 4096740, at *3 (S.D. W. Va. June 20, 2023) (finding recklessness when plaintiff alleged defendant harmed plaintiff even though he knew his behavior was "not proper"). The Court, therefore, rejects Plaintiff's second objection.

*Finally*, Plaintiff argues the Magistrate Judge erred in dismissing Count IV as to the individual defendants. *See* Pl.'s Objs. at 10–14. He argues his complaint provides sufficient evidence the lien executed against the properties was fraudulent.

The Court disagrees. To survive a motion to dismiss, Plaintiff must allege facts suggesting: (1) Defendants knew the lien was fraudulent; (2) Defendants intended the lien be given the same legal effect as a valid lien; and (3) Defendants intended to cause him financial harm. *See* W. Va. Code § 38-16-501; *Lemartec Corp. v. Berkley Cnty. Solid Waste Auth.*, 2020 WL 3405755, at *3 (N.D. W. Va. Jun. 19, 2020). Plaintiff's complaint provides no evidence suggesting Defendants knew the lien was fraudulent or the Defendants intended to cause him financial harm. At best, it suggests Defendants intended their lien to have legal effect. This alone is not enough.[2]

---

[2] Plaintiff argues Defendants "obviously" intended to harm him by "extort[ing]" him for $17,052.38. Pl.'s Objs. at 11. He describes "numerous other attempted extortions from the City." *Id.* Even assuming these "extortions" took place, they are of no consequence. Plaintiff makes no mention of these previous "extortions" in his complaint. As a result, the Court need not consider them. *See, e.g.*, *King v. United States*, 2012 WL 147904, at *5 (S.D. W. Va. Jan.

Plaintiff stresses he was not the owner leading up to or during the demolitions. This quibble is immaterial. West Virginia Code § 8-12-16(g)(1) grants the City "plenary power" to require the "owner of any dwelling or building" to pay for the costs of demolition and may "file a lien against the real property" for the same. Plaintiff alleges he received the tax deeds for the three properties in July 2021. *See* Compl. ¶ 14. These tax deeds are "conclusive evidence" of the acquisition of title to a property. *Ancient Energy, Ltd. v. Ferguson*, 806 S.E.2d 154, 159 (W. Va. 2017) (quoting W. Va. Code § 11A-3-62(a)). If the properties became delinquent for nonpayment of taxes, the titles relate back to the year of the assessment for the taxes that became delinquent. *See* W. Va. Code § 11A-3-62. Regardless of how far back his title stretches, Plaintiff owned the properties by July 2021—more than a year before the City filed its lien in September 2022. Plaintiff makes no argument to the contrary. The City, therefore, followed § 8-12-16(g) by filing a lien against the property and alerting the owner. *See* Huntington, WV, Code §§ 1739.12(a)(2); 1739.13. *See also City of Parkersburg v. Carpenter*, 507 S.E.2d 120, 122 (W. Va. 1998) (explaining City filed complaint seeking reimbursement costs alerting the property owners of the demolition after filing a lien against the property). No evidence suggests Defendants "took any action other than that provided for by the law governing the perfection of liens." *Id.* at 123. As the Magistrate Judge explained: an unfair lien is not necessarily an illegal lien—let alone a fraudulent lien.[3]

Because the Court holds Count IV should be dismissed, Plaintiff's request for injunctive relief is moot. *See Scott v. Carnell*, 2016 WL 955102, at *4 (S.D. W. Va. Mar. 14, 2016) ("Further, as the Plaintiff's underlying claims must be dismissed, there are no grounds for injunctive relief.").

---

18, 2012) ("Generally, it is inappropriate for the Court to consider new arguments presented in a party's objections to a PF&R which the Magistrate Judge did not have the opportunity to consider.") (citation omitted).

[3] West Virginia Code §§ 11A-1-9, 11A-3-30, and 11A-3-62 do not help Plaintiff. *See* Pl.'s Obj. at 12–14. These statutes speak only to what type of title a tax sale purchaser obtains property at a tax sale. They are silent as to the City's ability to impose liens *after* a tax sale.

**CONCLUSION**

The Court **ADOPTS** the Magistrate Judge's Recommendations. Accordingly, the Court **GRANTS IN PART, DENIES IN PART** Defendants' Motion to Dismiss and **DISMISSES** Counts III and IV of Plaintiff's complaint. The surviving counts remain with the Magistrate Judge for further proposed facts and recommendations.

The Court **DIRECTS** the Clerk to forward copies of this written opinion and order to all counsel of record and unrepresented parties.

Date:          September 25, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE